Michael Faillace [MF-8436]
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOSE MERINO GONZAGA and MIGUEL ANGEL LEON MALDONADO, individually and on behalf of others similarly situated,

*Plaintiffs,*

-against-

NUCCIOS BAKERY INC. (D/B/A NUCCIO'S BAKERY) and ANTOINETTE CAVALLO,

*Defendants.*

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

Plaintiffs Jose Merino Gonzaga ("Plaintiff Merino") and Miguel Angel Leon Maldonado ("Plaintiff Leon") (collectively, "Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and belief, and as against Nuccios Bakery Inc. (d/b/a Nuccio's Bakery) ("Defendant Corporation") and Antoinette Cavallo ("Individual Defendant") (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1. Plaintiffs are former employees of Defendants Nuccios Bakery Inc. (d/b/a Nuccio's Bakery) and Antoinette Cavallo.

2. Defendants own, operate, or control an Italian bakery located at 261 Avenue U, Brooklyn, New York 11223, under the name "Nuccio's Bakery."

3. Upon information and belief, Individual Defendant Antoinette Cavallo serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the bakery as a joint or unified enterprise.

4. Plaintiff Merino was employed as a baker, and Plaintiff Leon was employed as a delivery worker delivering Defendants' bakery products to stores.

5. At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6. Defendants paid Plaintiffs a fixed daily rate that did not vary with the number of hours they worked and that, for the hours they actually worked, fell below the applicable New York City minimum wage.

7. Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours per day.

8. Defendants failed to pay Plaintiff Leon any wages for his final week of work.

9. In or about July 2026, Plaintiff Merino became seriously ill and was hospitalized. Rather than allowing him to use the paid sick leave to which he was entitled, Defendants refused to allow him to return to work and terminated his employment because he was sick.

10. Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12. Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"); for unpaid minimum wages, overtime wages, spread of hours pay, unpaid wages, and other violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL") and the minimum wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, Part 142; for violations of the New York State Paid Sick Leave Law, NYLL § 196-b, and the anti-retaliation provisions of NYLL § 215; for violations of the New York City Earned Safe and Sick Time Act, N.Y.C. Admin. Code § 20-911 *et seq.* ("ESSTA"); and for disability discrimination under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), including applicable liquidated damages, compensatory and punitive damages, interest, attorneys' fees, and costs.

13. Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b), and as a class action on behalf of themselves and all other similarly situated employees and former employees of Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure with respect to their claims under the NYLL.

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiffs' state and city law claims under 28 U.S.C. § 1367(a).

15. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this District.

Defendants maintain their bakery at 261 Avenue U, Brooklyn, New York 11223, in Kings County, and Plaintiffs were employed by Defendants in this District.

## PARTIES

*Plaintiffs*

16. Plaintiff Jose Merino Gonzaga is an adult individual residing in Kings County, New York.

17. Plaintiff Merino was employed by Defendants at Nuccio's Bakery from approximately 2003 until on or about July 28, 2026.

18. Plaintiff Miguel Angel Leon Maldonado is an adult individual residing in Kings County, New York.

19. Plaintiff Leon was employed by Defendants at Nuccio's Bakery from approximately November 2025 until on or about October 20, 2026.

20. Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b), and bring these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

21. At all relevant times, Defendants owned, operated, or controlled an Italian bakery located at 261 Avenue U, Brooklyn, New York 11223, under the name "Nuccio's Bakery."

22. Upon information and belief, Nuccios Bakery Inc. (d/b/a Nuccio's Bakery) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 261 Avenue U, Brooklyn, New York 11223.

23. Defendant Antoinette Cavallo (a/k/a Antoinette Cavallo Stemma) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Antoinette Cavallo is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Antoinette Cavallo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate an Italian bakery located at 261 Avenue U, Brooklyn, New York 11223. Upon information and belief, Defendants also operate a second bakery location on Avenue X in Brooklyn, New York.

25. Individual Defendant Antoinette Cavallo possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. § 201 *et seq.*, the NYLL, the ESSTA, the NYSHRL, and the NYCHRL.

29. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant Antoinette Cavallo operates Defendant Corporation as either an alter ego of herself and/or fails to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c. transferring assets and debts freely as between all Defendants,

d. operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e. operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed corporation,

f. intermingling assets and debts of her own with Defendant Corporation,

g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h. other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA, the NYLL, the ESSTA, the NYSHRL, and the NYCHRL. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

32. In each year from 2023 to 2026, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the bakery on a daily basis, such as flour, sugar, cheese, and other baking ingredients and supplies, were produced outside the State of New York.

34. Upon information and belief, Defendants employed at least five employees at all relevant times.

*Individual Plaintiffs*

35. Plaintiffs are former employees of Defendants who were employed as a baker and as a delivery worker.

36. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

37. Each Plaintiff's work consisted of physical labor, and more than twenty-five percent of each Plaintiff's working time was spent performing physical labor. Each Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

*Plaintiff Jose Merino Gonzaga*

38. Plaintiff Merino was employed by Defendants from approximately 2003 until on or about July 28, 2026.

39. Defendants employed Plaintiff Merino as a baker.

40. Plaintiff Merino regularly handled goods in interstate commerce, such as flour, sugar, and other baking ingredients produced outside the State of New York.

41. Plaintiff Merino's work duties required neither discretion nor independent judgment.

42. Defendants set Plaintiff Merino's schedule, told him when to report to work and when he could leave, directed his work, and paid him his wages each week.

43. Throughout his employment with Defendants, Plaintiff Merino regularly worked in excess of 40 hours per week.

44. From approximately November 2020 until on or about July 28, 2026, Plaintiff Merino worked from approximately 6:00 p.m. until on or about 4:00 a.m., Fridays through Wednesdays, and, approximately one week per month, seven days a week (typically 60 to 70 hours per week).

45. In addition, Plaintiff Merino was required to remain at work approximately 15 to 30 minutes past his scheduled departure time every day, without additional compensation.

46. Plaintiff Merino's workday regularly exceeded 10 hours from start to finish.

47. Defendants never granted Plaintiff Merino any breaks or meal periods of any kind.

48. Throughout his employment, Defendants paid Plaintiff Merino his wages in cash, on a weekly basis.

49. From approximately November 2020 until on or about December 2023, Defendants paid Plaintiff Merino a fixed rate of $120 per day.

50. From approximately December 2023 until on or about November 2025, Defendants paid Plaintiff Merino a fixed rate of $150 per day.

51. From approximately December 2025 until on or about July 28, 2026, Defendants paid Plaintiff Merino a fixed rate of $160 per day.

52. Plaintiff Merino's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53. Specifically, Defendants required Plaintiff Merino to work an additional 15 to 30 minutes every day and did not compensate him for the additional time he worked.

54. Defendants never paid Plaintiff Merino overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

55. Defendants never paid Plaintiff Merino an additional hour's pay at the minimum wage for each day his spread of hours exceeded ten hours.

56. Defendants did not require Plaintiff Merino to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

57. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Merino regarding overtime and wages under the FLSA and NYLL, or regarding his right to paid safe and sick leave.

58. Defendants did not provide Plaintiff Merino an accurate statement of wages, as required by NYLL § 195(3).

59. Defendants did not give any notice to Plaintiff Merino, in English and in Spanish (Plaintiff Merino's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

60. As a result of Defendants' failure to provide Plaintiff Merino with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i)

comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants Terminated Plaintiff Merino Because He Was Sick*

61. Under the New York State Paid Sick Leave Law and the ESSTA, Plaintiff Merino accrued paid sick leave of one hour for every 30 hours worked and was entitled to use that leave when he was sick. NYLL § 196-b; N.Y.C. Admin. Code §§ 20-913, 20-914.

62. Defendants never informed Plaintiff Merino of his right to paid sick leave and never allowed him to use any paid sick leave.

63. On or about July 28, 2026, Plaintiff Merino was admitted on an emergency basis to Bellevue Hospital due to a complication of his diabetes caused by tuberculosis.

64. As a result of this condition, Plaintiff Merino spent approximately five weeks in Bellevue Hospital.

65. On or about August 28, 2026, Plaintiff Merino informed Defendant Antoinette Cavallo that he had been hospitalized and needed time off from work to recover

66. On or about September 2026, Plaintiff Merino notified Defendant Antoinette Cavallo that he was ready to return to work.

67. Defendant Antoinette Cavallo refused to allow Plaintiff Merino to return to work and directed him to wait until she called him back.

68. Defendants have never allowed Plaintiff Merino to return to work, and have never called him back.

69. By refusing to allow Plaintiff Merino to return to work after his illness and hospitalization, Defendants terminated his employment.

70. Defendants terminated Plaintiff Merino's employment because he was sick and because he needed and requested time off to recover, which constituted the protected use of, or attempt to use, safe and sick leave.

71. Plaintiff Merino's diabetes and tuberculosis are impairments that constitute disabilities within the meaning of the NYSHRL and the NYCHRL. With a temporary leave of absence to recover, Plaintiff Merino was able to perform the essential functions of his job.

72. Defendants never engaged in a good-faith interactive process or cooperative dialogue with Plaintiff Merino concerning a reasonable accommodation for his disability, and instead terminated his employment because of his disability.

73. Before he became sick, Plaintiff Merino had worked for Defendants for more than twenty years.

74. As a result of Defendants' unlawful termination, Plaintiff Merino has lost wages and benefits and has suffered emotional distress.

*Plaintiff Miguel Angel Leon Maldonado*

75. Plaintiff Leon was employed by Defendants from approximately November 2025 until on or about October 20, 2026.

76. Defendants employed Plaintiff Leon as a delivery worker, delivering Defendants' bakery products to stores.

77. Plaintiff Leon regularly handled goods in interstate commerce, such as bakery products made with flour, sugar, and other ingredients produced outside the State of New York.

78. Plaintiff Leon's work duties required neither discretion nor independent judgment.

79. Defendants set Plaintiff Leon's schedule, told him when to report to work and when he could leave, directed his work, and paid him his wages each week.

80. From approximately November 2025 until on or about October 20, 2026, Plaintiff Leon worked from approximately 4:00 a.m. until on or about 6:00 p.m., seven days a week (typically 98 hours per week).

81. Plaintiff Leon's workday regularly exceeded 10 hours from start to finish.

82. Defendants never granted Plaintiff Leon any breaks or meal periods of any kind.

83. Throughout his employment, Defendants paid Plaintiff Leon his wages in cash, on a weekly basis.

84. From approximately November 2025 until on or about October 20, 2026, Defendants paid Plaintiff Leon a fixed rate of $180 per day.

85. Plaintiff Leon's pay did not vary with the number of hours he worked. For the approximately 14 hours he worked each day, his effective hourly rate was approximately $12.86, below the applicable New York City minimum wage of $16.50 per hour in 2025 and $17.00 per hour in 2026.

86. Defendants never paid Plaintiff Leon overtime compensation at one and one-half times his regular rate of pay for the hours he worked in excess of 40 hours per week.

87. Defendants never paid Plaintiff Leon an additional hour's pay at the minimum wage for each day his spread of hours exceeded ten hours.

88. Defendants did not pay Plaintiff Leon any wages for his final week of work. To date, Defendants have not paid Plaintiff Leon the wages he earned during that week.

89. Defendants did not require Plaintiff Leon to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device such as punch cards that accurately reflected his actual hours worked.

90. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Leon regarding overtime and wages under the FLSA and NYLL.

91. Defendants did not provide Plaintiff Leon an accurate statement of wages, as required by NYLL § 195(3).

92. Defendants did not give any notice to Plaintiff Leon, in English and in Spanish (Plaintiff Leon's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

93. As a result of Defendants' failure to provide Plaintiff Leon with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, he was prevented from: (i) comparing his rate of pay to his hours worked; (ii) realizing that he was underpaid; and (iii) advocating for himself and/or taking appropriate action to obtain the payments due to him.

*Defendants' General Employment Practices*

94. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

95. Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and NYLL by, *inter alia*, not paying them the wages they were owed for the hours they worked.

96. Defendants paid Plaintiffs a fixed daily rate that did not account for the number of hours they actually worked, without any overtime premium or spread of hours pay.

97. Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

98. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

99. Defendants paid Plaintiffs their wages in cash, without any accompanying statement of hours worked or wages paid.

100. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL, and the notice of employees' rights to safe and sick leave required by N.Y.C. Admin. Code § 20-919.

101. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

102. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former workers.

103. Defendants failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

104. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law § 195(1).

105. As a result of Defendants' failure to provide Plaintiffs Merino and Leon and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiffs Merino and Leon and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

## FLSA COLLECTIVE ACTION CLAIMS

106. Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

107. At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and

plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

108. The claims of Plaintiffs stated herein are similar to those of the other employees.

**FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

109. Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

110. Plaintiffs bring their New York Labor Law minimum wage, overtime, spread of hours, unpaid wages, wage notice, wage statement, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York as bakers, delivery workers, counter workers, or other non-exempt employees, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiffs, are referred to herein as the "Class."

111. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number depends are presently within the sole control of Defendants, upon information and belief, there are more than forty members of the Class during the Class Period, in light of Defendants' staffing and employee turnover over the six-year Class Period.

112. There are questions of law and fact common to the Class including:

a. What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. Whether Defendants paid the Class members a fixed daily rate that did not vary with the number of hours worked;

c. Whether Defendants failed and/or refused to pay the Class members the minimum wage and overtime at the premium rate within the meaning of the NYLL;

d. Whether Defendants failed and/or refused to pay the Class members "spread of hours" pay;

e. Whether Defendants failed to provide the Class members the wage notices and wage statements required by NYLL §§ 195(1) and 195(3);

f. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work; and

g. What are the common conditions of employment and in the workplace, such as recordkeeping, breaks, and policies and practices that affect whether the Class members were paid at the minimum wage and at overtime rates for overtime work.

113. The claims of the representative parties are typical of the claims of the Class. Plaintiffs and the other Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of minimum wage, overtime, and spread of hours pay, and failure to keep required records and provide required notices. The job duties of the named Plaintiffs were and are typical of those of the Class members.

114. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

115. The common questions of law and fact predominate over questions affecting only individual members.

116. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

117. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

118. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

119. At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

120. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

121. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(r)-(s).

122. Defendants, in violation of 29 U.S.C. § 206(a), failed to pay Plaintiff Leon any wages for the hours he worked during his final week of employment, and failed to pay him his minimum wages promptly when due.

123. Defendants' failure to pay Plaintiff Leon the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

124. Plaintiff Leon was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

125. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

127. Defendants' failure to pay Plaintiffs (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

128. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

129. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

130. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

131. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the Class members) less than the minimum wage.

132. Defendants' failure to pay Plaintiffs (and the Class members) the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

133. Plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

134. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

135. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, including 12 N.Y.C.R.R. § 142-2.2, failed to pay Plaintiffs (and the Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

136. Defendants' failure to pay Plaintiffs (and the Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

137. Plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

138. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

139. Defendants failed to pay Plaintiffs (and the Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day their spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. § 142-2.4.

140. Defendants' failure to pay Plaintiffs (and the Class members) an additional hour's pay for each day their spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

141. Plaintiffs (and the Class members) were damaged in an amount to be determined at trial.

## **SIXTH CAUSE OF ACTION**

## **VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

142. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

143. Defendants failed to provide Plaintiffs (and the Class members) with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

144. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiffs Merino and Leon, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

145. Defendants are liable to each Plaintiff (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

146. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147. With each payment of wages, Defendants failed to provide Plaintiffs (and the Class members) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

148. As a result of Defendants' failure to furnish accurate statements to Plaintiffs Merino and Leon, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 195.

149. Defendants are liable to each Plaintiff (and each Class member) in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## UNPAID WAGES UNDER THE NEW YORK LABOR LAW

150. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151. At all times relevant to this action, Plaintiff Leon was a manual worker within the meaning of NYLL § 190(4).

152. Defendants, in violation of NYLL §§ 191(1)(a) and 191(3), failed to pay Plaintiff Leon the wages he earned during his final week of work, not later than the regular pay day for the pay period during which his employment ended, or at any time thereafter.

153. As a result of Defendants' failure to pay Plaintiff Leon his earned wages, Defendants violated the NYLL and/or applicable regulations thereunder, including, *inter alia*, NYLL § 191.

154. Plaintiff Leon is entitled to recover from Defendants his unpaid wages, liquidated damages, interest, and reasonable attorneys' fees and costs pursuant to NYLL §§ 198 and 663.

155. Plaintiff Leon was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### VIOLATION OF THE NEW YORK STATE PAID SICK LEAVE LAW AND RETALIATION UNDER THE NEW YORK LABOR LAW (NYLL §§ 196-b AND 215)

156. Plaintiff Merino repeats and realleges all paragraphs above as though fully set forth herein.

157. At all relevant times, Plaintiff Merino was an employee, and Defendants were his employers, within the meaning of NYLL §§ 190, 196-b, and 215.

158. NYLL § 196-b required Defendants to provide Plaintiff Merino with paid sick leave, accruing at a rate of not less than one hour for every 30 hours worked, to allow him to use that leave when he was ill, and to restore him to his position upon his return from leave, and prohibits employers from retaliating against employees for using or requesting sick leave.

159. Defendants failed to provide Plaintiff Merino with paid sick leave, failed to allow him to use sick leave when he became sick, and refused to restore him to his position when he was ready to return to work, in violation of NYLL § 196-b.

160. Defendants discharged Plaintiff Merino because he became sick and needed, requested, and/or used sick leave, in violation of NYLL §§ 196-b(7) and 215(1)(a).

161. As a result of Defendants' violations, Plaintiff Merino is entitled to recover his lost compensation, liquidated damages of up to $20,000 pursuant to NYLL § 215(2)(a), reinstatement or front pay, and reasonable attorneys' fees and costs.

162. At or before the commencement of this action, Plaintiff Merino has served or will serve notice of this action upon the Attorney General of the State of New York, as required by NYLL § 215(2)(b).

163. Plaintiff Merino was damaged in an amount to be determined at trial.

## TENTH CAUSE OF ACTION

## VIOLATION OF THE NEW YORK CITY EARNED SAFE AND SICK TIME ACT

164. Plaintiff Merino repeats and realleges all paragraphs above as though fully set forth herein.

165. At all relevant times, Plaintiff Merino was an "employee," and Defendants were his "employer," within the meaning of N.Y.C. Admin. Code § 20-912.

166. Defendants failed to provide Plaintiff Merino with safe and sick time, failed to allow him to use safe and sick time when he was sick, and failed to provide him with the written notice of his rights required by N.Y.C. Admin. Code § 20-919, in violation of N.Y.C. Admin. Code §§ 20-913, 20-914, and 20-919.

167. Defendants retaliated against Plaintiff Merino, and discharged him, because he used, requested, or attempted to use safe and sick time, in violation of N.Y.C. Admin. Code § 20-918.

168. Pursuant to N.Y.C. Admin. Code § 20-924(d) and (f), Plaintiff Merino is entitled to full compensation, including wages and benefits lost, statutory damages for each violation, including for his unlawful discharge, equitable relief including reinstatement, and reasonable attorneys' fees and costs.

169. Plaintiff Merino was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

170. Plaintiff Merino repeats and realleges all paragraphs above as though fully set forth herein.

171. At all relevant times, Plaintiff Merino was an "employee," and Defendants were his "employer," within the meaning of N.Y. Exec. Law § 292.

172. Plaintiff Merino has a "disability" within the meaning of N.Y. Exec. Law § 292(21), and was able to perform the essential functions of his position with a reasonable accommodation, including a temporary leave of absence.

173. Defendants discriminated against Plaintiff Merino because of his disability, failed to provide him a reasonable accommodation, and terminated his employment, in violation of N.Y. Exec. Law § 296(1)(a) and (3)(a).

174. Defendant Antoinette Cavallo, who actually participated in the discriminatory conduct alleged herein, is individually liable for aiding and abetting that conduct pursuant to N.Y. Exec. Law § 296(6).

175. As a result of Defendants' unlawful conduct, Plaintiff Merino has suffered lost wages and benefits and emotional distress, and is entitled to back pay, front pay, compensatory

damages, punitive damages, and reasonable attorneys' fees and costs pursuant to N.Y. Exec. Law § 297(9) and (10).

176. Plaintiff Merino was damaged in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION

## DISABILITY DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

177. Plaintiff Merino repeats and realleges all paragraphs above as though fully set forth herein.

178. At all relevant times, Plaintiff Merino was an "employee," and Defendants were his "employer," within the meaning of N.Y.C. Admin. Code § 8-102.

179. Plaintiff Merino has a "disability" within the meaning of N.Y.C. Admin. Code § 8-102.

180. Defendants discriminated against Plaintiff Merino because of his disability, failed to engage in a cooperative dialogue with him concerning a reasonable accommodation, failed to provide him a reasonable accommodation, and terminated his employment, in violation of N.Y.C. Admin. Code § 8-107(1)(a), (15), and (28).

181. Defendant Antoinette Cavallo, who actually participated in the discriminatory conduct alleged herein, is individually liable as an employee or agent of Defendant Corporation and for aiding and abetting the discriminatory conduct, pursuant to N.Y.C. Admin. Code § 8-107(1)(a) and (6).

182. As a result of Defendants' unlawful conduct, Plaintiff Merino is entitled to back pay, front pay, compensatory damages for emotional distress, punitive damages, and reasonable attorneys' fees and costs pursuant to N.Y.C. Admin. Code § 8-502.

183. Plaintiff Merino was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Certifying this action as a class action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Class, designating Plaintiffs as class representatives, and designating Plaintiffs' counsel as class counsel;

(c) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Leon;

(d) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(e) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(f) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(g) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage and overtime compensation under the FLSA as applicable;

(h) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(i) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Class members;

(j) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the Class members;

(k) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commissioner of Labor as to Plaintiffs and the Class members;

(l) Declaring that Defendants violated the payment of wages provisions of the NYLL, including NYLL § 191, as to Plaintiff Leon;

(m) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(n) Declaring that Defendants violated NYLL §§ 196-b and 215 and N.Y.C. Admin. Code § 20-911 *et seq.* by failing to provide paid sick leave and by discharging Plaintiff Merino because he was sick;

(o) Declaring that Defendants discriminated against Plaintiff Merino because of his disability, in violation of the NYSHRL and the NYCHRL;

(p) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs and the Class members;

(q) Awarding Plaintiffs and the Class members damages for the amount of unpaid minimum wage, overtime compensation, and spread of hours pay under the NYLL as applicable, and awarding Plaintiff Leon his unpaid wages pursuant to NYLL §§ 191 and 198;

(r) Awarding Plaintiffs and the Class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b) and 198(1-d);

(s) Awarding Plaintiffs and the Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, spread of hours pay, and unpaid wages shown to be owed pursuant to NYLL § 663 as applicable, and liquidated damages pursuant to NYLL §§ 198(1-a) and 198(3);

(t) Awarding Plaintiff Merino lost wages and benefits, liquidated damages of up to $20,000 pursuant to NYLL § 215(2)(a), compensatory damages, statutory damages pursuant to N.Y.C. Admin. Code § 20-924(d) and (f), and reinstatement or front pay;

(u) Awarding Plaintiff Merino back pay, front pay, compensatory damages for emotional distress, and punitive damages under the NYSHRL and the NYCHRL;

(v) Awarding Plaintiffs, the FLSA Class members, and the Class members pre-judgment interest, including pre-judgment interest at the rate of nine percent per annum on their state law claims pursuant to N.Y. C.P.L.R. §§ 5001 and 5004, and post-judgment interest as applicable;

(w) Awarding Plaintiffs, the FLSA Class members, and the Class members the expenses incurred in this action, including costs and attorneys' fees;

(x) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(y) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
November 9, 2026

**MICHAEL FAILLACE & ASSOCIATES, P.C.**

By: */s/ Michael Faillace*

Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# MICHAEL FAILLACE & ASSOCIATES, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
1200
New York, New York 10165
(212) 317-1620

Telephone: (212) 317-

Facsimile:


**BY HAND**

TO: Clerk of Court

## CONSENT TO BECOME A PARTY PLAINTIFF
## CONSENTIMIENTO PARA SER PARTE DEMANDANTE

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Nuccio's Bakery and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Nuccio's Bakery y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Jose Merino Gonzaga<br>66-23 Ridge Blvd., Apt. 7D, Brooklyn, NY 11220 |
| **Signature / Firma:** | José Gp Merina Gonzaga. |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | November 3, 2026 |

# MICHAEL FAILLACE & ASSOCIATES P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1620

Telephone: (212) 317-1200
Facsimile:

**BY HAND**

TO: Clerk of Court

## CONSENT TO BECOME A PARTY PLAINTIFF
## CONSENTIMIENTO PARA SER PARTE DEMANDANTE

I hereby consent to join this lawsuit as a party plaintiff under the Fair Labor Standards Act, 29 U.S.C. § 216(b), to recover unpaid wages from Nuccio's Bakery and any related entities and individuals, and I authorize Michael Faillace & Associates, P.C. to represent me in this action.

**(Yo, por medio de este documento, doy mi consentimiento para formar parte de esta demanda como uno de los demandantes, conforme a la Ley de Normas Justas de Trabajo (Fair Labor Standards Act), 29 U.S.C. § 216(b), para recuperar salarios no pagados de Nuccio's Bakery y de las entidades y personas relacionadas, y autorizo a Michael Faillace & Associates, P.C. a representarme en esta acción.)**

| | |
|---|---|
| **Name / Nombre:** | Miguel Angel Leon Maldonado<br>2053 W. 5th St., Apt. 1, Brooklyn, NY 11223 |
| **Signature / Firma:** | [signature] |
| **Legal Representative / Abogado:** | Michael Faillace & Associates, P.C. |
| **Date / Fecha:** | November 5, 2026 |